JUDGE ELLIOTT
delivered the opinion op the court.
Th?t action was brought by appellant on the following writing:
“ The undersigned propose to subscribe for the number of shares of $50 each to the capital stock of the Mt. Sterling Coalroad Company, when the charter shall have been obtained and the company organized, provided that the company receives our subscription, payable as follows, viz. ten per cent on or-before February 1, 1874, and by calls not exceeding ten per cent per month thereafter until paid. ¥m. Little, ten shares.”
By the plaintiff's petition this instrument signed by appelpellee is treated as a subscription of ten shares of stock in the coalroad company, and on allegation of non-payment judgment is sought for the amount of the ten shares, which, it is alleged, appellee subscribed.
There is no allegation that the appellant ever delivered or tendered to the appellee the ten shares of stock, but instead thereof it is alleged that it received the appellee’s subscription. |
The writing sued on does not amount to a subscription of stock to appellant's company. It is only, as its language imports, a proposition to subscribe ten shares of $50 each after the company shall have Obtained its charter and perfected its organization, provided appellee should be permitted to pay ten per cent of his subscribed stock on the 1st of February, 1874, and the balance in calls of not exceeding ten per cent per month.
We regard the reasoning of the court in the case of Thrasher v. Pike County Railroad .Company, 25 Illinois Reports, page 393, as conclusive of ’this case. In that case the agents of the company, before its organization, agreed and promised to receive Thrasher’s subscription of $3,000 to the capital stock of the company, and it is then averred that *431 Thrasher, “ in consideration of this promise, undertook and promised the plaintiff that he would subscribe to the stock of this company the sum of $3,000 when the books should be open for subscriptions, and that this promise was, by writing, signed by the defendant, and by him delivered to the plaintiff.”
The plaintiff then averred that the subscription-books were opened and subscriptions solicited, of which the defendant had notice; and it further averred thaj; the defendant’s subscription was due when the company’s books were opened, which was before the commencement of the suit, and that the defendant, after request, had refused to pay any part of his subscription of $3,000.
In that case, as in this, the action treated the writing sued on as a subscription, but the court, in that case, said that “ this we do not think is a fair view of the defendant’s liability upon his promise, if one was made to the plaintiff. His undertaking is to subscribe a certain amount of stock when the subscription-books should be opened. . This promise does not make him a stockholder, and as such liable to calls.
“ The company has parted with no stock to him, and can only claim as damages the actual loss sustained by it by his failure or refusal to subscribe when he was notified the books were opened for such purpose.
“The company has the stock which the defendant promised to take but did not take. His promise is like any other agreement to purchase any specific article of property. If the property contracted for be retained by the vendor, and there is no delivery to the purchaser, or offer to deliver, the damages must not be measured by the value of the property, for it would not be just in such cases that the vendor should retain the property and recover also the value of it from the promisor. Some damage might result from the loss of a bar *432 gain, and to such the vendor would be entitled if the extent could be established.”
In that case the court held that, in a suit to recover for the defendant’s failure to subscribe, the measure of damages would likely have been the difference between the market and par value of the stock. The same doctrine is held in Pennsylvania. (See 21 Pa. 220.)
This doctrine accords with our views of this contract. The appellant has parted with nothing and the appellee has received nothing, and the appellant’s petition is insufficient for the recovery of damages for the breach of appellee’s contract to subscribe ten shares of stock in its company.
As this was not a suit for damages for a breach of appellee’s contract to subscribe stock in appellant’s company in pursuance of his written proposition, the judgment of the court sustaining a demurrer to the appellant’s petition must be sustained, and as the appellant refused to plead further, the court properly dismissed the suit.
Wherefore the judgment is affirmed.