# Rumsey *v.* Lindsey.

*Courts—Judge specially presiding—Jurisdiction—Decree.*

Where a judge has been called specially to preside in a county other than his own, and has entered a final decree in a cause tried before him, his authority and jurisdiction as to the case ends, and if the decree is reversed and remitted for rehearing, he cannot be mandamused, after the expiration of his call to hold the special court, to preside at the rehearing of the case. If the president judge of the county is unable to hear it, having been of counsel, he must call in another judge, just as he did for the first hearing.

Application for mandamus. Miscellaneous docket 91.

Per Curiam, November 9, 1903:

The case of Rumsey v. N. Y., etc., R. R. Co., 203 Pa. 579, was tried in common pleas of Potter county, 55th judicial district by Hon. W. M. Lindsey, president judge of the 37th district and decree duly entered by him. On appeal the decree

was reversed with directions to open the case for rehearing and determination.

We now have this application for a mandamus to Judge LINDSEY to preside at the rehearing. This he declines to do on the ground that he has no authority. In this view he is correct. His authority and jurisdiction ended with the final decree made by him in the case under his call to hold that special court. When the decree was reversed the record was remitted to the court of common pleas of Potter county and the directions to open and rehear the case were to the court, not to the judge who had happened to hear it. The case is now pending in that court, and if as stated in the petition the president judge is unable to hear it, having been of counsel, he must call in another judge under the statutes, just as was done for the first hearing.

Mandamus refused.