# Reid et al. *v.* Rogers Coal Co. et al., Appellants.

*Corporations—Stock—Ownership of stock—Equity—Certificate of incorporation—Evidence—Remedy at law—Accounting.*

1. Equity ordinarily will not take jurisdiction to determine the ownership of stock of a corporation, for the reason that a complete and adequate remedy at law can be had.

2. Where, however, stock is not purchasable in the market and possesses a peculiar value to the claimant, as where it enables him to control the corporation, or it is held under such circumstances as to make the legal owner a trustee, an action at law offers no adequate remedy and equity will assume jurisdiction.

3. Articles of incorporation are not conclusive as to the respective stockholding of the subscribers. If it appears by evidence that is clear, distinct and satisfactory that the holdings were otherwise than therein stated, a court of equity will so decree.

4. Where a bill in equity does not pray for a general accounting between the parties, and such accounting is neither necessary nor incidental to a disposition of the issues involved, a decree for such accounting will not be sustained on appeal.

Argued September 26, 1922. Appeal, No. 77, Oct. T., 1922, by defendants, from decree of C. P. Westmoreland Co., No. 1051, in Equity, on bill in equity, in case of E. H. Reid et al. v. Rogers Coal Co. et al. Before MOSCH-ZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Decree modified and affirmed.

Bill in equity to ascertain ownership of stock of corporation. Before COPELAND, P. J.

The opinion of the Supreme Court states the facts.

Decree for plaintiffs. Defendants appealed.

*Error assigned,* inter alia, was decree, quoting it.

*H. L. Robinson,* of *Umbel, Robinson, McKean & Williams,* with him *Gaither & Whitten,* for appellants.—The statements of account between the corporation and its stockholders are all objectionable because no groundwork is laid for them in the bill, nor are any such statements prayed for: D. & H. Canal Co. v. Coal Co., 21 Pa. 131; Horton's App., 13 Pa. 67; Cumberland Valley R. R. Co.'s App., 62 Pa. 218; Rice v. Ruckle, 225 Pa. 231.

There was an adequate remedy at law: Kelsey v. Murphy, 26 Pa. 78; Owens v. Goldie, 213 Pa. 579; Gondy v. Wagner, 22 Montg. Co. L. J. 21; Miles Land Co. v. Coal Co., 231 Pa. 155; Nanheim v. Smith, 253 Pa. 380; Minnich v. Kauffman, 265 Pa. 321.

*Robert W. Smith,* with him *James S. Moorehead,* and *R. E. Best,* for appellees, cited: Brush Electric Co., 114 Pa. 574; Edison Illuminating Co. v. Power Co., 253 Pa. 457; Sherman v. Herr, 220 Pa. 420; Rumsey v. R. R., 203 Pa. 579; Schmitt v. Kulamer, 267 Pa. 1.

OPINION BY MR. JUSTICE FRAZER, January 3, 1923:

E. C. Reid and M. E. Reid, two of plaintiffs, together with J. W. Newbrough, one of defendants, incorporated the Rogers Coal Company, the other defendant, with a capital stock of $5,000, divided into fifty shares of $100 each; Newbrough being named as president, E. C. Reid secretary and M. E. Reid treasurer. In the articles of association, Newbrough appeared as subscriber for 30 shares of the capital stock and the Reids 10 shares each. Following the incorporation, Newbrough assigned to the company a tract of coal, held under lease, which it proceeded to operate. Subsequently disputes arose among the stockholders resulting in Newbrough giving notice of a stockholders' meeting to be held for the purpose of electing new directors of the corporation, but, previous to the date set for the meeting, plaintiffs filed their bill to restrain its convening and the election of directors, until the court should ascertain the number of shares of stock owned by the parties respectively, and also asked that an accounting be directed for moneys Newbrough, as president of the company, failed to turn over to the treasurer and for general relief. After hearing, the court below found the three plaintiffs and defendant, Newbrough, each owned and was entitled to one-fourth of the capital stock, instead of the amounts to which they appeared as subscribers in the articles of association, and directed the president and treasurer to issue, to each, certificates of stock for their respective shares; also directing that defendant, Newbrough, as president, turn over to the treasurer funds in his hands belonging to the company and stating an account of indebtedness between the various parties to the proceedings. From the decree so entered defendants appealed.

The main question involved, as stated by appellants, concerns the ownership of the stock of defendant company. Appellants first contend the court was without jurisdiction of the subject-matter and that the proper

forum in which to determine the question of ownership of the stock is in a court of law.   Ordinarily a court of equity will not take jurisdiction to determine the ownership of stocks or other goods and chattels, for the reason a complete and adequate remedy at law can be had in an action for damages.   However, it is equally well settled that where stock in question is not purchaseable in the market and possesses a peculiar value to the claimant, as, for instance, where its possession is necessary to the control of a corporation, or it is held under such circumstances as to make the legal owner a trustee, the action at law offers no adequate remedy and a court of equity will assume jurisdiction.   The court below found as follows, and these findings are amply supported by the testimony: "All of the stockholders in this corporation are parties to this suit.   No shares of the capital stock of the company have been sold since the organization of the corporation.   The shares are without known market value and the seventeen and one-half shares, the ownership of which is disputed, represent the controlling voice in the management of the affairs of the Rogers Coal Company.   If relief is not afforded to the plaintiffs by a court in equity and if they should be obliged to proceed in an action at law for the recovery of damages measured by the market value of the shares, the number of shares to which they assert ownership could not be supplied by purchase in the market and they would lose the controlling voice in the management of the affairs of the corporation, the remaining twenty shares which the defendant, J. W. Newbrough, admits are owned by M. E. Reid and E. C. Reid not being sufficient in number at a corporate election to elect more than minority membership to the board of directors of the corporation."   The court below also found that the one-fourth of the entire capital stock claimed by E. H. Reid, one of plaintiffs, was, in fact, paid for by him, thus constituting Newbrough a trustee for his benefit. Under all the circumstances the case was clearly one for

equitable interference: Goodwin Gas Stove Co.'s App., 117 Pa. 514; Northern Central R. R. v. Walworth, 193 Pa. 207; Rumsey v. R. R. Co., 203 Pa. 579.

Appellants further contend the statement contained in the articles of association setting forth Newbrough's subscription for thirty shares and E. C. Reid and M. E. Reid, ten shares each, is conclusive, and that the evidence to the contrary is not sufficient to sustain the decree. The trial judge found on testimony which he characterized as "clear and satisfactory" and "clear and distinct" that, before making application for the charter, it was agreed the three plaintiffs and Newbrough should each own one-fourth of the capital stock of the company and that while E. H. Reid was providing the cash necessary to develop the mine his name should not appear as an incorporator and for this reason Newbrough's name was used as a subscriber, not only for his own shares, but those belonging to Reid as well. Although the testimony of the three plaintiffs to this effect was contradicted by Newbrough, the latter's credibility was seriously impaired by his assertion made to third persons to the effect that he owned merely one-fourth of the capital, which amount he subsequently changed to one-half and finally increased his claim to three-fifths, the amount for which he appeared as a subscriber. The conclusions of the court below are fully justified by the evidence and must be sustained.

In addition to determining the proportion of the capital stock owned by the parties respectively and directing the president of the company to transfer to the treasurer money in his hands belonging to the company, the court further stated an account between the various parties to the bill, which it incorporated in the decree. Such action was not asked for in the bill; it was neither necessary nor incidental to a disposition of the issues involved and the decree is now amended by striking therefrom paragraphs Nos. 2, 3, 4 and 5. A discussion of the merits

of these improperly included paragraphs is, accordingly, unnecessary.

The decree of the court below as above amended is affirmed at the costs of appellants.