## Metzger, Appellant, *v.* Cruikshank et al.

Argued October 6, 1947. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and FINE, JJ.

*Otto Kraus, Jr.,* with him *Howard M. Long,* for appellant.

*Ira Jewell Williams,* with him *William H. Peace, 2nd,* and *White & Williams,* for appellees.

OPINION BY FINE, J., March 8, 1948:

William F. Metzger, appellant, filed his bill in equity against Clarence H. Cruikshank, Burleigh Cruikshank, Barbara B. Cruikshank, and the George Washington Memorial Park, Inc., a corporation, to restrain the transfer, assignment or encumbrance of shares of preferred stock of the corporation, and to compel Clarence, Burleigh and Barbara B. Cruikshank to return to appellant, by proper transfer, 16.6% of shares previously given to Clarence and Burleigh Cruikshank pursuant to a written agreement. Preliminary objections were filed and, after hearing thereon, the court below concluded that a contract had been sufficiently averred and certified the action against Burleigh Cruikshank to the law side of the court, but dismissed the bill as to Barbara B. Cruikshank and as to George Washington Memorial Park, Inc., for the reason that they were not parties to the agreement, and, as against Clarence Cruikshank, no disposition, because he had never been served. This appeal followed.

• The appellant, owner of a tract of land, subject to an $85,000.00 mortgage, conveyed his "equity" to the George Washington Memorial Park, Inc., a cemetery company recently formed by him, in exchange for shares of said cemetery company, to wit, 100 shares of preferred ($100 par) and 950 shares of common (no par) stock. An agreement, dated September 15, 1939, provided that Clarence and Burleigh Cruikshank would undertake to sell $100,000 worth of preferred stock of the cemetery corporation on or before December 23, 1939. On December 23, the time for performance of the agreement was extended to March 31, 1940. On June 24, 1940, although the stock had not been completely sold (defendants had sold $83,400.00 of the stock), it was further agreed that appellant should give to defendants

their full commissions, to wit, 400 shares of common stock and 100 shares of preferred stock in the aforementioned corporation, and defendants undertook to thereafter raise, upon demand, the remaining sum, or $16,600.00. Notwithstanding demand on June 24, 1941, and thereafter, defendants were unable to sell the remainder of the stock and are "now in default in the proportion of 16.6%". Wherefore, appellant instituted this action to have returned to him 16.6 shares of preferred stock and 66.4 shares of common stock representing the unearned commission which appellant had advanced. Appellant, who was one of the organizers and promoters of the corporation, seeks the return of said stock surrendered to the Cruikshanks, averring it is stock of a closed corporation; that it is not listed on any exchange; that it has no established market value; and that it is necessary for him to have the stock "to which he is entitled so that his voting power may be as strong as possible".[1]

As appellant seeks, as stated, the return of the unearned commission in kind, claiming the Cruikshanks were over-paid, he deemed as essential to his action the joinder, as defendants with others, Barbara B. Cruikshank and the cemetery corporation; the former because she is a joint owner, without consideration, of the shares still held by Burleigh Cruikshank, her husband, and had knowledge of the agreements; and the latter, because appellant seeks to restrain it from transferring other defendants' shares on its books and to compel it to record such transfer to him as the court may order.

---

[1] The court below, SLOANE, J., criticized the averment as follows: "Assuming the truth of plaintiff's averments, as we do here, it does not appear that the number of shares he wants from the Cruikshanks, together with what he now has, will give him control of the cemetery company. Since the default in the payment of dividends, preferred shares may now be voted. This means there is a total of 3,080 shares of voting stock outstanding. Plaintiff 'owns and controls' 733 shares. The additional 83 shares asked for would give him control of only 26.5% of the voting shares. See Fraser Fund v. Fraser, 350 Pa. 353."

The preliminary objections, as filed, averred that: (1) appellant had a full, complete and adequate remedy at law; (2) the bill failed to show any contractual or other obligation whatsoever assumed by defendants, and (3) the bill failed to set forth a right of action for the reason that no damages were alleged. The court below thoroughly considered whether under the facts averred in the bill it was clear, as a matter of law, that appellant was not entitled to the relief sought and concluded that: (1) the averments of a contractual obligation were not sufficiently clear, unambiguous and certain, to warrant a decree of specific performance; (2) there was no undertaking, express or implied, to return any number of shares upon an inability to sell the full amount; and (3) that equity was without jurisdiction.

Specific performance was properly refused for the contract alleged does not contain any promise to return a proportionate share of the stock in the event that appellees might be unsuccessful in disposing of the entire stock ($100,000.00). A contract to be specifically enforced must be clear and unambiguous. To entitle a person to specific performance of a contract there must have been a valid subsisting contract and the instrument must be clear, unambiguous and certain: *Kiley v. Baker*, 150 Pa. Superior Ct. 248, 27 A. 2d 478; *Duc v. Struckus*, 345 Pa. 65, 26 A. 2d 897. Cf. *Beaver v. Slane*, 271 Pa. 317, 114 A. 509. The instant case is defective in this regard.

The appellant cannot recover on the doctrines of restitution and constructive trust. The learned court below aptly observed: "If it be a question of restitution in kind because of unjust enrichment, or if it be a claim in equity for damages in specie, plaintiff is no better off. . . ." The cases cited by appellant in support of his claim for restitution are of no aid to him.[2]

---

[2] To remove a case from the general rule that specific performance of a sale of chattels will not be decreed (*Strasburg Railroad Co. v. Echternacht*, 21 Pa. 220; *Foll's Appeal,* 91 Pa. 434; *Rigg v. The*

A constructive trust is a remedy to redress a wrong or to prevent unjust enrichment and usually arises out of circumstances evidencing either fraud, accident, mistake, duress or undue influence. Appellant must fail in this respect because he has not averred facts which would support the creation of a constructive trust. Nor are they to be found by necessary implication either in the pleadings or the exhibits which were made a part thereof. The court below therefore properly concluded that equity did not have jurisdiction of the matter; and, concerning the parties to this action, aptly stated: "As the matter stands, plaintiff appears to have no right against Barbara Cruikshank to compel a transfer; she was not a party to the agreement in the first place, and as far as can be ascertained from plaintiff's own bill, was the recipient, or part recipient, of a valid gift from her husband. . . .

"The objection that only *Clarence* Cruikshank signed the papers as a party and *Burleigh* Cruikshank signed as a witness we cannot accept for it is averred that both were parties, and as averred, we must take it [including exhibits]; the objection as to third party beneficiary has no strength by reason the shares in question are allegedly plaintiff's, and as such, and with those shares, the cemetery company is not concerned except as the seat or situs of transfer.

"Defendant Clarence Cruikshank has not been served with process, is therefore not yet 'under the judge', so that no disposition can be made as to the case against him. As to the other defendants, our resolution is that

*Reading and Southwestern Railway Co.*, 191 Pa. 298, 43 A. 212) there must be some unique fact rendering the legal remedy inadequate; *Reid v. Rogers Coal Company*, 275 Pa. 501, 119 A. 594; *Sherman v. Herr*, 220 Pa. 420, 69 A. 899; *Eichbaum v. Sample*, 213 Pa. 216, 62 A. 837; *Northern Central Company v. Walworth*, 193 Pa. 207, 44 A. 253. The appellant relied on the last four cases in which there was, however, a uniqueness of the shares and the contract was certain, as distinguished from the instant case.

plaintiff has no status and is not properly in equity; his action should be transferred to the law side of the court as to defendant Burleigh Cruikshank, and dismissed as to defendant Barbara Cruikshank and defendant cemetery company."

Decree affirmed.