Tolan et ux., Appellants, *v.* O'Malley.

Argued September 29, 1972. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*James Victor Voss*, with him *Neely and Voss*, for appellants.

*John J. Kennedy, Jr.*, for appellee.

OPINION BY MR. JUSTICE EAGEN, January 19, 1973:

The appellants, John J. Tolan and Sarah A. Tolan, his wife, instituted this action in equity seeking specific performance of a contract to sell real estate in O'Hara Township, Allegheny County, Pennsylvania. After extended hearings, the chancellor entered an adjudication and decree nisi dismissing the complaint. Subsequently, a court en banc dismissed exceptions to the chancellor's adjudication and made the decree nisi final. This appeal followed.

The facts found by the chancellor, all supported by the record and affirmed by the court en banc, are as follows:

On or about February 8, 1970, John J. Tolan and Sarah O'Malley, the appellee, reached an oral agreement whereby appellants agreed to buy and appellee agreed to sell the property involved for $22,000. Thereafter, appellants caused to be prepared an Agreement of Sale which they presented to the appellee for her signature. She refused to execute the agreement, because it did not contain a closing date. After her rejection of the agreement, a closing date of June 15, 1970, was agreed upon by the parties and inserted by appellants' representatives. Thereafter, the appellee executed the agreement. At the same time, appellants delivered a check in the amount of $1,000 to the appellee as hand money, but said check was never cashed. A few days subsequent to June 15, 1970, the closing date set forth in the agreement, John J. Tolan visited the appellee at her home and stated that the date for closing had passed and that, therefore, there was no longer a binding agreement between them. The appellee agreed with that statement. There were no further communications between the parties until September 1, 1970, two and one-half months later, when John J. Tolan contacted the appellee to inform her that he had a buyer for the property he then lived in. On October 7th, John J. Tolan informed the appellee in writing that a closing date with reference to the subject property had been set for October 13th. At the time set for the closing, the appellee failed to appear to tender a deed to appellants. This action was instituted on November 10th.

In its opinion in support of the final decree, the court en banc below concurred with the chancellor's determination that time was of the essence in the Agreement of Sale, and, therefore, appellants, having

failed to perform under the agreement on or before June 15, 1970, the contract was no longer binding upon the parties. The court en banc went on to state that even if time were not of the essence of the subject Agreement of Sale, the parties by their mutual consent cancelled and rescinded the same by their conduct at the meeting shortly after June 15, 1970.

The appellants contend that time was not of the essence in the Agreement of Sale and further that there was no mutual rescission. The Court in *Carsek Corp. v. S. Schifter, Inc.*, 431 Pa. 550, 554-55, 246 A. 2d 365, 368 (1968), stated that: " 'It is a well established general principle in equity that time is not ordinarily regarded as of the essence in contracts for the sale of real property unless it is so stipulated by the express terms thereof, or it is necessarily to be so implied.' 55 Am. Jur., Vendor & Purchaser, Section 110; Knable v. Bradley, 430 Pa. 153, 242 A. 2d 224 (1968) ; Cochrane v. Szpakowski, 355 Pa. 357, 49 A. 2d 692 (1946)."

In this case, the appellee rejected the written Agreement of Sale and refused to sign it until a closing date of June 15, 1970, was inserted. From this fact alone, it can be implied that time was of special consideration. This, in itself, offers strong support for the conclusion that the parties intended that time was essential. The subsequent conduct of the parties also supports this conclusion. As noted before, a few days subsequent to June 15, 1970, the date set forth in the agreement, John Tolan visited the appellee at her home and stated that the date for closing had passed and, therefore, there was no longer a binding agreement between them. Although, as we have stated, there was no express stipulation that time was of the essence, it may become so by subsequent conduct of the parties. See *Reed v. Breeden*, 61 Pa. 460 (1869). As this Court said many years ago in *Remington v. Irwin*, 14 Pa. 143 (1850), at p. 146: ". . . that in regard to time being

essential by stipulation, the intent of the parties affords the best indicia of construction, in this respect as well as in others; and that their own acts and *conduct* are the best exponent, in the absence of express covenant, of what their intention was." [Emphasis added.]

In light of the above, the court below did not err in ruling time was of the essence.

Finally, even if we were to assume time were not of the essence of the subject Agreement of Sale, the parties by their mutual consent cancelled and rescinded the contract by their conduct at the meeting shortly after June 15, 1970. John Tolan permitted the settlement day, June 15, 1970, to pass without affirmative action, apparently with the expectation of avoiding the contract, because a few days later he told the appellee that since the settlement date had passed there was no longer a binding agreement between them. The appellee agreed with that statement, consequently, the contract was rescinded.

In *Kirk v. Brentwood Manor Homes, Inc.*, 191 Pa. Superior Ct. 488, 492, 159 A. 2d 48 (1960), the court held that, "A contract in writing for the purchase of land may be rescinded by parol, or by such conduct of the parties as clearly shows an intention to rescind." That is exactly what occurred here.

Decree affirmed. Costs on appellants.

Mr. Justice POMEROY concurs in the result on the ground that the conduct of the parties constituted an effective rescission of their agreement to sell.