## Ricci v. Saia

*Joseph L. Ditoma, Jr.*, for plaintiffs.
*Ronald Restrepo* and *Robert Cherwony*, for defendants.

GUARINO, *J.*, February 14, 1980—This is an action in equity to compel specific performance.

On July 17, 1979, plaintiff entered into a written agreement of sale to purchase premises 2639 Colorado Street, Philadelphia, Pa., from defendant (seller), record owner, for the price of $32,900. Pursuant to the terms of the agreement, settlement was to have taken place on or before December 30, 1979, by delivering a deed and possession. It was after defendant failed to appear on two dates, December 16 and 31, 1979, that this equity action for specific performance was filed.

Apparently, in June, and prior to the date of the sales agreement, the son of the seller, in his capacity as executor of the estate of Phyllis Saia, his

mother, filed a complaint in equity against defendant seller, causing the suit to be indexed as lis pendens. By that suit, he seeks to recover the sum of $20,000 for moneys expended by his mother on improvements to the house, and to restrain the seller from alienating the home. No injunction, however, has ever issued. Phyllis Saia, the deceased, held title to the subject premises with the seller as tenants by the entireties.

It is not disputed that on July 17, 1979, the date when the agreement of sale was entered into, that Anthony Saia, the seller, as the survivor of an estate by the entireties became owner in fee simple by operation of law. As such, he had the absolute right to transfer title and the right to freely alienate it: Rothensies v. Fidelity-Phila. Trust Co., 112 F. 2d 758 (3d Cir. 1940). Nor is it disputed that the written agreement of sale is a valid contract. See Board of Supervisors of North Coventry Tp. v. Silver Fox Corp., 10 Pa. Commonwealth Ct. 646, 312 A. 2d 833 (1973); Tolan v. O'Malley, 450 Pa. 214, 299 A. 2d 229 (1973); Metzger v. Cruikshank, 162 Pa. Superior Ct. 280, 57 A. 2d 703 (1948). By virtue of this valid contract between himself and the owner of the fee, plaintiff has acquired an interest in the subject real estate which is cognizable and enforceable in equity. Once an agreement has been signed the purchaser becomes the equitable or beneficial owner: Estate of Highberger, 468 Pa. 120, 360 A. 2d 580 (1976); Yannopoulos v. Sophos, 243 Pa. Superior Ct. 454, 365 A. 2d 1312 (1976); Byrne v. Kanig, 231 Pa. Superior Ct. 531, 332 A. 2d 472 (1974). Land and real estate are presumed to be unique and damages at law are not deemed to be complete and adequate. A contract for sale of real estate will generally be enforceable by way of spe-

cific performance: Payne v. Clark, 409 Pa. 557, 187 A. 2d 769 (1963); Warden v. Taylor, 460 Pa. 577, 333 A. 2d 922 (1975); Snow v. Corsica Const. Co., Inc., 459 Pa. 528, 329 A. 2d 887 (1974); Merwarth v. Townsend, 455 Pa. 475, 317 A. 2d 275 (1974). The requirements for specific performance are that there be a valid subsisting contract and that it be clear, unambiguous and certain, Metzger v. Cruikshank, supra, that the seller have good marketable title; see Swayne v. Lyon, 67 Pa. 436 (1871), and Gross v. Nissley, 61 Lanc. 343 (1968); and that the purchaser be ready, willing and able to perform. Cf. Schipper Bros. Coal Mining Co. v. Economy Domestic Coal Co., 277 Pa. 356, 121 Atl. 193 (1923); Kutz's Estate, 259 Pa. 548, 103 Atl. 293 (1918); cf. Levicoff v. Richard I. Rubin & Co., 413 Pa. 134, 196 A. 2d 359 (1964).

In this case, the only impediment to the seller's title is the cloud cast by the lis pendens which has been indexed against the property as a result of the suit filed by the executor of Phyllis Saia, the deceased wife of the seller. (June term, 1979, no. 5797). Lis pendens, or suit pending, is the power or control which a court acquires over the property involved in the pending action until final judgment is entered: Dorsch v. Jenkins, 243 Pa. Superior Ct. 300, 365 A. 2d 861 (1976); Com. ex rel. v. Kelly, 322 Pa. 178, 185 Atl. 307 (1936). It is notice to the whole world that they are in danger of being bound by an adverse judgment: McCahill v. Roberts, 421 Pa. 233, 219 A. 2d 306 (1966). Indexing of lis pendens serves as constructive notice to prospective purchasers: Tourison's Estate, 321 Pa. 299, 184 Atl. 95 (1936). The doctrine, however, can have no application except in those cases where the action is one in equity involving claims against the title to the

property or the res: Dovey's Appeal, 97 Pa. 153 (1881); Green v. Rick, 121 Pa. 130, 15 Atl. 497 (1888); Diamond v. Lawrence County, 37 Pa. 353 (1861); Slavitz v. Feinberg, 28 D. & C. 2d 427 (1962). Where the action is not one involving right to real estate, there can be no valid lis pendens: Rose Valley Borough v. Rose Valley Acres, 31 D. & C. 261 (1937); McGill v. Roggio, 32 D. & C. 2d 81 (1963).

While the action filed by the estate of Phyllis Saia is denominated as one in equity and declares in equitable terms, it is not in reality an action in equity and it does not assert a right against title to real estate; in essence, the suit is claim for improvements made to the building. Unless one files a mechanic's lien pursuant to Mechanics' Lien Law of August 24, 1963, P.L. 1175, 49 P.S. §1101 et seq., one who improves the real estate of another does not acquire a lien or an interest in land until judgment is entered. The improvements become part of the real estate by accession and inure to the benefit of the owner; the provider of the improvements acquires no interest in the real estate; his remedy, if any, is a claim in personam in quantum meruit. Thus, the indexing of the action filed by the estate of Phyllis Saia against the subject real estate is ineffectual. We will not, however, strike it. The doctrine of lis pendens is an equitable doctrine whose operation is subject to court limitation should it work a hardship upon an owner: Goldman v. McShain, 432 Pa. 61, 247 A. 2d 455 (1968). It is within the court's power to remove, cancel, or modify or mitigate the effects according to the extant equitable circumstance: Dice v. Bender, 383 Pa. 94, 117 A. 2d 725 (1955); McCahill v. Roberts, supra; 5 Goodrich-Amram 2d §1504(a):1.1. In this case, we will lift and cancel the lis pendens as it might affect

the subject property and in lieu thereof decree that the net proceeds of the sale be held in escrow until such time as the issues in the case of Peter Saia, executor v. Anthony Saia, June term, 1979, no. 5797, are determined.

Accordingly, we enter the following

## ORDER

And now, February 14, 1980, the court having heard the evidence and examined the proof offered by the parties and having been fully advised of the premises, it is ordered, adjudged and decreed

(1) that, on plaintiff's payment to defendant of the sum of $32,900, defendant convey to plaintiff a good and sufficient deed of premises known as 2639 Colorado Street; and

(2) that lis pendens attaching to said real estate be cancelled and in lieu thereof the balance of the purchase moneys be held in escrow pending the determination of the action: Peter H. Saia, Executor of Estate of Phyllis Saia v. Anthony Saia, C. P. June term, 1979, no. 5797.