150

In Re: Consolidated Return of the Tax Claim Bureau of the County of Delaware etc. Tax Claim Bureau of Delaware County, Appellant.

Argued December 16, 1982, before Judges ROGERS, WILLIAMS, JR. and MACPHAIL, sitting as a panel of three.

*James E. DelBello,* Assistant County Solicitor, with him *Francis Connors,* for appellant.

Alfred O. Breinig, Jr., for appellee, Tax Claim Bureau of Delaware County.

Rose M. Hykel, with her Francis G. Pileggi, Francis Pileggi Law Associates, for appellee, Sara C. Beitler.

Opinion by Judge MacPhail, June 20, 1983:

On October 29, 1979, Glyder Realty Corp. (Glyder) purchased for $14,618.04 at a tax sale conducted under the provisions of the Real Estate Tax Sale Law (Act), Act of July 7, 1947, P.L. 1368, as amended, 72 P.S. §§5860.101-5860.803, an improved property known as 610 Woodcrest Road, Ardmore, Pennsylvania. After exceptions were filed on April 22, 1981, and an evidentiary hearing held, the Court of Common Pleas of Delaware County on May 12, 1981 found that the sale was invalid. On December 7, 1981, the trial court entered an order directing, inter alia, that the tax sale be set aside and that the Tax Claim Bureau of Delaware County (Bureau) return all purchase monies to Glyder.[1] This Court in In Re: Consolidated Return of the Tax Claim Bureau of the County of Delaware, Pa. Commonwealth Ct. , A.2d (filed June 17, 1983) affirmed the trial court's order.

On December 4, 1981, the trial court ordered the Bureau to pay Glyder interest at the rate of six percent per annum from October 29, 1979 until May 18, 1981 on the base amount of the upset sale bid price of $14,618.04.[2] The Bureau appeals from the order of December 4, 1981.

[1] The pertinent language in the court's order of December 7, 1981 was:

5. That the Tax Claim Bureau of Delaware County return all purchase monies to Glyder Realty Corp.

[2] There is no reference in the December 7 order to the order of December 4 even though they relate to the same subject matter.

There are two issues: is Glyder entitled to any interest and, if it is, who should pay it?[3]

In the opinion in support of his order, the learned trial judge observes that Section 702 of the Act, 72 P.S. §5860.702 requires the county to act as trustee of "the property". The trial judge then proceeded to apply the general principles of law relating to fiduciaries which includes, of course, the authority to invest subject to the provisions of the governing instrument. Section 7302 of the Probate, Estates and Fiduciaries Code, 20 Pa. C. S. §7302. The trial judge points out that in some cases, the failure of the fiduciary to invest may result in a surcharge. The problem, of course, is that Section 702 states specifically that it relates only to property purchased at a tax sale by the county commissioners, a taxing district or a trustee for the taxing districts. Section 701 of the Act, 72 P.S. §5860.701. That qualification, of course, does not apply to the instant case. It must be noted also that the Bureau acts, with respect to Section 701 property, for the trustee *county*. We conclude that no trust was imposed upon the Bureau with respect to the proceeds of the sale in the instant case by virtue of the provisions of Section 702 of the Act.

Glyder also advances a trust theory, arguing that that Bureau is a *constructive* trustee of the proceeds of the sale. A constructive trust normally arises out of circumstances evidencing fraud, accident, mistake,

Neither the Bureau, Glyder, nor the property owner have raised any question concerning the fact of the two orders, one of which directs interest to be paid while the other does not.

[3] No argument has been advanced that the former property owner should pay interest to Glyder; accordingly, this opinion is limited to a determination of the liability of the Bureau, if any.

duress or undue influence. *Metzger v. Cruikshank*, 162 Pa. Superior Ct. 280, 57 A.2d 703 (1948). No claim of fraud, accident, duress or undue influence has been made but Glyder contends that the conveyance to it by the Bureau was a mutual mistake and that the proceeds it paid to the Bureau was also a mistake. Since the Bureau was really not entitled to the funds, reasons Glyder, it is a constructive trustee for Glyder, the party rightfully entitled thereto. We give Glyder credit for creativity but nothing more.

The tax sale here was conducted according to law. Glyder received the real estate and paid the bid price according to its obligation to do so. Until the very day the trial court set aside the sale, Glyder and the Bureau were engaged in a lawful transaction. The Bureau never withheld proceeds or property lawfully belonging to Glyder. When the trial court acted to set aside the sale, it also ordered that Glyder's funds be returned. Presumably the Bureau has done so. While Glyder's funds were in the Bureau's hands, they were there lawfully and by right. No constructive trust is created by such circumstances. There is considerable doubt in our mind, moreover, that a constructive trustee has a duty to invest property in its possession, although such trustee may be held to the same standards of due care and prudence applicable to other trustees. In any event, we conclude that no principle of trust law applies to the transaction now before us.

The parties agree that there is no provision in the Act for the payment of interest where a tax sale is set aside; nor is there an obligation imposed upon the Bureau to invest funds in its possession. An amendment in 1980 to Section 205 of the Act, Act of June 22, 1980, P.L. 247, 72 P.S. 5860.205, does provide that

interest earned on proceeds of a sale where no claim for payment of any balance due the owner of the property is made within three years, shall revert to the county. While such a provision would imply an *authority* in the Bureau to invest proceeds, it imposes no *duty*. In any event, such interest is by law for the benefit of the county, not a disappointed purchaser.

Argument is made that it is inequitable for the purchaser to receive no interest on the money held by the Bureau and eventually returned to a disappointed purchaser because the sale was invalid. The origin of this case was an action at law.[4] If the law provides no remedy, Glyder is entitled to none.

Order reversed.

### ORDER

The order of the Court of Common Pleas of Delaware County dated December 4, 1981, directing the Tax Claim Bureau of Delaware County to pay interest to Glyder Realty Corp. on the proceeds of an upset tax sale, is reversed.

---

[4] An action in ejectment.