## Maguire, Appellant, *v.* Heraty, Powel et ux.

| 163 | 381 |
| e207 | 652 |
| 163 | 381 |
| 31 SC | 94 |

*Equity—Specific performance—Sale to two vendees—Trust.*

Where a person enters into an oral contract to sell land, and subsequently executes a written agreement to sell the same land to another person, the vendor, although not legally liable under the oral contract, is morally liable, and if he chooses to carry it out, a court of equity will not deny him the right to do so on a bill filed by the second purchaser.

In such a case a bill in equity by the second purchaser praying that the first purchaser to whom a deed has been made shall be declared a trustee of the legal title for the second purchaser, will be dismissed. The maxim of equity that first in time is first in right is applicable.

*Equity—Necessary parties—Contract.*

A father entered into an oral contract to purchase land and directed that the deed should be made to his daughter. Before the deed was made the owner of the land entered into a written agreement to sell the land to another person. The second purchaser filed a bill in equity against the vendor for specific performance, and against the grantee in the deed to have her declared trustee of the legal title for the second purchaser. *Held,* that the grantee's father, who was the real purchaser, was a necessary party to the bill.

*Specific performance—Equity—Vendor and vendee.*

Any circumstance that shows that a decree of specific performance, even of a written agreement of sale, would be unfair or inequitable, is sufficient to defeat the application.

*Vendor and vendee—Damages—Specific performance.*

Where, on a bill in equity for specific performance, it appears that the defendant has placed it out of his power to execute the contract, because of a conveyance previously made to another person, the defendant is liable for damages, which may be ascertained in proceedings under the bill.

Argued Jan. 23, 1894. Appeal, No. 96, Jan. T., 1864, by plaintiff, from decree of C. P. No. 4, Phila. Co., Sept. T., 1892, No. 627, in equity. Before STERRETT, C. J., WILLIAMS, MC-COLLUM, MITCHELL and DEAN, JJ. Affirmed.

Bill in equity for specific performance.

The master, Francis L. Wayland, Esq., reported in part as follows:

"Louise Claghorn Powel, wife of Milton Powel, was the owner of premises No. 233 North Eighteenth street, in this city. On Oct. 4, 1892, one Cockroft Thomas, residing at No. 231

North Eighteenth street, having learned that said property was for sale, entered into a verbal agreement with Milton Powel and Louise Claghorn Powel his wife, for the purchase of the same, the deed therefor to be made to Susannah M. Heraty, daughter of the said Cockroft Thomas. On the day following this interview, to wit, upon Oct. 5th, the said Milton Powel, on behalf of his said wife, Louise Claghorn Powel, entered into an agreement with B. F. Teller & Bro., authorizing them to sell on account of the said Louise Claghorn Powel, the premises 233 North Eighteenth street for the sum of $18,000, clear of incumbrance. This authority for the sale of the said premises was signed 'Milton Powel for Louise C. Powel,' but was not signed by Milton Powel on his own behalf.

" Upon the afternoon of the same day the plaintiff, Maguire, agreed with Teller & Bro., by telephone, to purchase the property in question for the price named, and within an hour thereafter went to the premises with his two sons, being shown over the house by Mr. and Mrs. Powel, the latter remarking upon the excellent condition of certain interior decorations, and suggesting to plaintiff that he purchase the carpets with the house.

" On the day following, to wit, October 6th, an agreement in writing for the sale of said premises for the sum of $18,000, duly signed and witnessed, was entered into between B. F. Teller & Bro., agents, and the plaintiff, by which settlement was to be made and possession to be given within twenty days from said date; and at the same time a receipt was given by the said Teller & Bro. to the said plaintiff for $300, paid by him on account of purchase money, and the terms of said agreement and receipt were approved of and accepted by Mrs. Powel at the foot of said agreement in these words: 'I accept and approve of the above terms. Louise C. Powel.'

" The back title papers to premises in question were brought by Milton Powel to Teller & Bro., who were then instructed by plaintiff to prepare his conveyance, and in accordance with further instructions from plaintiff, Teller & Bro. negotiated a mortgage for $12,000 on the property, to be applied on account of the purchase money. On the seventh or eighth day of October, 1892, Cockroft Thomas called upon Teller & Bro., and was informed by them that the property No. 233 North Eighteenth street, had been sold to the plaintiff; at his request,

Teller & Bro. applied to Maguire to see whether or not he would resell the property to Mr. Thomas. This Mr. Maguire declined to do. Shortly after this Teller & Bro. were notified by Samuel B. Huey, Esq., representing Louise Claghorn Powel, that the latter did not wish to sell the property, and Mr. Maguire was again requested by Teller & Bro. to resell the property, but this he again declined to do. On the 20th or 22d of October the settlement certificate of the Land Title Co. was received by Teller & Bro., who then notified Dr. and Mrs. Powel, as well as their counsel, Mr. Huey, that they were ready for a settlement, and fixed an hour for the same. They were in turn notified by Mr. Huey that he would make no settlement. Oscar B. Teller, Esq., and a notary public then took the deed of the premises to the residence of the Powels on Oct. 24th, together with the balance of the purchase money, but were unable to get into the house in any way, it apparently being unoccupied.

" Upon Oct. 17th, Powel called upon the plaintiff and offered him $1,000 to release his bargain, and on the following day, Oct. 18th, an aunt and cousin of Mrs. Heraty called upon the plaintiff and offered him $2,000 to release his bargain, but he declined to do so, stating that he did not deal in real estate, and that he had bought the property in question for a home. . . .

" By deed dated Oct. 18, 1892, recorded in Deed Book T. G., 222, page 536, Oct. 25, 1892, Milton Powel and wife conveyed premises No. 233 North Eighteenth street to Susannah M. Heraty, and policy of title insurance No. 2010 was issued by the Commonwealth Title and Trust Co. to Susannah M. Heraty, dated Oct. 25, 1892. It is to be noted that in Schedule D of this policy is indexed the present suit, which, as shown by the docket entries, was not begun until Oct. 27th. . . .

" It is by reason of the execution of the authority to sell the premises No. 233 North Eighteenth street by Milton Powel acting for his wife ; her ratification and approval of the contract of sale entered into by Teller & Bro. with the plaintiff ; the bona fide but unsuccessful attempt of the plaintiff to carry out his part of the contract within the time specified therein ; the execution by the Powels of the deed to Mrs. Heraty ; her knowledge of the agreement to sell to Maguire ; the action of Powel in apparently acquiescing in the sale to Maguire ; and

the entry of a decree pro confesso against Powel and wife, that the counsel for the plaintiff asks that the master decree specific performance of the contract of sale.

" It is contended by counsel for the defendant, however, that the plaintiff has shown no equity which entitles him to the decree prayed for; that immediately after the conveyance to Mrs. Heraty he bought the house he had lived in for fourteen years previous; that the contract in question was the contract of Mrs. Powel alone and not binding on her; that she is powerless to convey without the joinder of her husband; and that he, not being a party to the contract, cannot be compelled to do that which he never agreed to do.

" In the opinion of the master there is but a single question here to be determined. It may be assumed, since the recent decision in Sylvester v. Born, 146 Pa. 467, that either party to a contract mutually susceptible of fulfillment, for the sale of real estate, upon complying with the conditions imposed upon him, has, at once, an equity to demand that such contract shall be specifically enforced. The preliminary inquiry must therefore be whether or not the contract entered into and approved by Mrs. Powel was valid and binding upon her, and one which she could in point of fact execute and carry into effect. . . .

" A decree of specific performance must necessarily include the husband. But how can he be compelled to unite in a conveyance to this plaintiff? He has never agreed to do so, and, on the contrary, has united in a conveyance to a third party. He has bound himself by no writing and nothing has been here shown that will work such an estoppel against him as to take this case out of the operation of the statute of frauds: Miranville v. Silverthorn, 48 Pa. 147. Mere payment or tender of purchase money is not enough: Withers's Appeal, 14 S. & R. 185; Parker v. Wells, 6 Whart. 153, 161; Peifer v. Landis, 1 Watts, 392; McFarland v. Hall, 3 Watts, 37; McKee v. Phillips, 9 Watts, 85; Gangwer v. Fry, 17 Pa. 491; Pill v. Meyers, 44 Pa. 172.

" Mrs. Powel has agreed to do that which she cannot do, and she is liable to the plaintiff for her failure in performance. For whatever damages he has sustained he must look to his legal remedy.

" In view, therefore, of the foregoing considerations the

master is of opinion that complainant's bill should be dismissed."

Exceptions to the master's report were overruled, and a decree entered dismissing the bill.

*Error assigned* was above decree. ·

*David W. Sellers*, for appellant.—There was a valid contract of sale with plaintiff: Souder v. Bank, 156 Pa. 374; Bauck v. Swan, 146 Pa. 444.

Appellees who are holders of the title with notice of the contract of sale cannot refuse to make the conveyance. Appellees were trustees of the title for the vendor: Bisph. Eq. § 251; Lewis v. Bradford, 10 Watts, 80; Coble v. Nonemaker, 78 Pa. 506; Le Neve v. Le Neve, 2 L. Cas. Eq., 152, American notes.

The court below erred in not holding that appellees held the title in trust for appellant, and in failing to enter a decree of conveyance as prayed for, and in not further decreeing that after a conveyance the case be referred to a master to report a decree for compensation for the inequitable deprivation of possession. Jurisdiction having attached complainant will not be remitted to a new suit: McGowin v. Remington, 12 Pa. 63; Masson's Ap., 70 Pa. 29; Winton's Ap., 97 Pa. 395.

*F. Carroll Brewster*, *Theodore F. Jenkins* with him, for appellees.—The only mode by which a married woman can convey her real estate in Pennsylvania is by a deed in which her husband is joined: Huffman v. Huffman, 118 Pa. 58; Stivers v. Tucker, 126 Pa. 74; Real Est. Co. v. Roop, 132 Pa. 496; Act of June 3, 1887, P. L. 332; Hays v. Leonard, 155 Pa. 474.

Bauck v. Swan, 146 Pa. 444, simply determined that a married woman was liable for the services of a real estate agent employed by her to effect a sale which was actually consummated.

The ground upon which a chancellor executes an executory contract for the sale of lands is, that equity looks upon things agreed to be done as actually performed, consequently when an agreement is made for the sale of an estate, the vendor is

considered as a trustee for the purchaser of the estate sold, and the purchaser as a trustee of the purchase money for the vendor. The vendee is, in contemplation of equity, actually seized of the estate, and is, therefore, subject to any loss which may happen to it between the agreement and the conveyance, and will enjoy any benefit which may accrue in the same interval. As a consequence he may sell or charge the estate before conveyance executed : Kerr v. Day, 14 Pa. 112.

The verbal contract made between Mr. and Mrs. Powel and Mr. Thomas, to sell and convey the property to Mrs. Heraty, being prior to the alleged authority to Teller & Bro. to sell the property, Thomas had an equity prior in time to any alleged right of appellant, and when the legal title was conveyed to Mrs. Heraty her title was unassailable by appellants, for where there is equal equity the law must prevail: 1 Story's Eq. Jurisp. § 640; Henderson v. Hays, 2 Watts, 148.

OPINION BY MR. JUSTICE WILLIAMS, Oct. 1, 1894 :

The report of the master shows the facts important to a decision of this case very clearly. The house and lot in controversy appear to have been the separate property of Mrs. Powel prior to the 4th day of October, 1892. On that day she and her husband made a verbal agreement for the sale of the property to their next door neighbor, Cockroft Thomas. For some reason which does not appear, her husband went on the following day to B. F. Teller & Bro. and authorized them to make sale of the house and lot for eighteen thousand dollars. They found a purchaser, notified Mrs. Powel, and she signed a memorandum, approving the sale negotiated by them, which is dated on the 6th of October, 1892. On the 18th of the same month she and her husband completed the sale to Thomas by executing and delivering their deed, acknowledged in due form, to his daughter Susannah M. Heraty, for whose use he desired the property, and to whom he seems to have presented it as a gift. Maguire having refused to surrender or sell his interest under the bargain made by him with B. F. Teller & Bro., now seeks a decree for the specific execution by Mrs. Powel and her husband of the agreement made on their behalf by Teller & Bro., and that Susannah M. Heraty be adjudged a trustee of the title for his use and directed to convey it to him. The

Powels, with the same indifference to the rights of others manifested in the negotiations preliminary to the sale, have taken no defence, and a decree pro confesso has been entered against them; but Mrs. Heraty denies that she is a trustee of the title for the plaintiff, and insists that she is entitled to hold it for herself.

Upon this question two facts are conclusive: First. The contract made by her father and in execution of which the deed was delivered to Mrs. Heraty, was the first in point of time. It was made on the 4th day of October. The contract, so far as it was authorized or ratified by her, between Teller and the plaintiff, was on the 6th. It is a maxim of equity that first in time is first in right. Thomas had a right, as between himself and his vendors, to insist on his agreement as good against any and all persons acquiring rights subsequently to his own; and Maguire was such a person. It is true that Mrs. Powel was not legally bound by her contract with Thomas, but on the other hand she was under no obligation, legal or moral, to repudiate it. If she chose to recognize and execute it she had a right to do so, and a court of equity will not deny to her this right. Second. Thomas, the purchaser, who paid the price of this property to Mrs. Powel and under whose direction the deed was made to Mrs. Heraty, is the party to the contract which we are asked to hold void and he is a necessary party to this bill for that reason. Mrs. Heraty did not buy from Mrs. Powel. She is a donee of her father who did buy, and who paid the price; and if that contract of purchase and the deed made in pursuance of it are to be adjudged fraudulent and void as against the plaintiff, then beyond all question the actual purchaser should be a party.

The plaintiff insists that he shows the first and only written contract of sale and that this contract is complete in every essential particular. This is true; but it was the privilege of Mrs. Powel to reply the fact that she had made an earlier contract of sale which, though not in writing, she felt bound to perform, and that she had accordingly done so. The rule in equity is that any circumstance that shows that a decree of specific execution, even of a written agreement of sale, would be unfair or inequitable is sufficient to defeat the application: Br. Eq. Jurisprudence, 220. Mrs. Powel did not choose to state

the facts, but they have been made to appear by the other defendants, and have been distinctly found by the master. Even if the evidence upon this subject was conflicting the finding by the master would, when approved by the court below, be regarded as settling the question: Kutz's Appeal, 100 Pa. 75. But the evidence is not conflicting. There is no denial of the fact that the verbal contract with Thomas was made on the 4th of October. Whether Mrs. Powel was necessarily bound by her contract with the plaintiff it is not important now to inquire. She seems to have assumed her liability, and suffered a decree to be entered pro confesso against her.

As she has made the specific execution of the agreement impossible by the performance of a prior contract of sale and the acknowledgment and delivering of a deed in pursuance thereof, her liability upon the second contract is for damages only, and these can be adjusted by the court below under the judgment pro confesso.

As to Susannah M. Heraty and M. P. Heraty, her husband, the decree is affirmed and the bill dismissed. Appellant to pay the costs of this appeal. The record is remitted for proceedings under the decree pro confesso to ascertain the damages to which the plaintiff is entitled.