————o————

## No. 4175:

### (Court of Appeal, Parish of Orleans.)

### JENNIE GERMAN, vs. NATIONAL CASH REGISTER CO.

1. A so-called conditional sale, or sale by which the vendee is to become at once unconditionally bound for the price, and the vendor is to continue owner of the property until the price is paid, is not possible under the laws of this State. (The Barber Asphalt Company vs. St. Louis Cypress Company, Ltd., No. 16,889, Supereme Court, recently decided.)
2. The vendor' privilege on movables can only be enforced while the goods are in the possession of the vendee, except in case of a special privilege granted by statute.

Appeal from First City Court, Division "A."

Merrick & Lewis, Plaintiff and Appellee.

Dinkelspiel, Hart & Davey, Defendant and Appellant.

ESTOPINAL, J. The plaintiff, Jennie German, alleges that she purchased from one Fishbein, the contents of the premises No. 543 South Rampart Street, this City, including a certain Cash Register, and that all of the contents of said premises including the said Cash Register, were delivered to her under the sale, and she took possession thereof; that in making the purchase she acted in good faith and exacted of her vendor, Fishbein, an affidavit to the effect that the goods, merchandise and articles sold to her were fully paid.

She alleges that a few days after the sale by which she acquired

this property, the National Cash Register Company instituted suit against Fishbein and one Morris Heyman, and sequestered the said Register then in her possession, and still holds the same. She prays for judgment decreeing her to be the true and lawful owner of the Register, and that the Register Company be ordered to deliver possession of the same to her.

Defendant company tenders the general issue and then specially pleads, that under a contract of date, April 11th, 1904, it conditionally sold to Fishbein a certain Cash Register, that among the conditions the sale one was that the title should not pass to Fishbein until he paid the price of same, that said Fishbein had no claim to the Register, not having completed payment for same according to contract, and therefore, had no title to said Register and could convey none to plaintiff.

Defendant asks that in the event the Court decrees that the Register be delivered to the plaintiff, then defendant is entitled to a judgment against plaintiff for the sum of seventy dollars, ($70.00) with recognition of its vandor's lien and privilege on said Register.

There was judgment below in favor of plaintiff, which was reversed in this Court, but the strong appeal made by counsel for plaintiff impels us to grant a rehearing.

A re-examination of the case leads us to the conclusion that our former judgment and decree was error.

The facts in the case are not contested, and solely issues of law are involved.

These are, first: "Whether a condition in a contract of sale *that the title should remain in a vendor until the price be fully paid,* is valid, in other words, whether even though the three elements which go to make or constitute a sale, to-wit: the consent, the thing and the price, and in this case, the delivery to and possession by the vendee of same, may not be considered a sale because of a suspensive condition of the sale to the effect that title remains in the vendor until the price is fully paid.

The identical question is exhaustively discussed and disposed of in a recent decision of the Supreme Court in the case of the Barber Asphalt Company vs, St. Louis Cypress Company.

To cite extracts from the Supreme Court's opinion or to quote therefrom in extenso here, would be to uselessly lengthen this opinion, and we therefore content ourselves with quoting the syllabus as follows:

185

"A so-called conditional sale, or sale by which the vendee is to become at once unconditionally bound for the price, and the vendor is to continue owner of the property until the price is paid, is not possible under the laws of the State. A petition wherein the vendor under such a contract claims the ownership of the property sold, shows no cause of action."

The other question presented is, whether a vendors lien on a movable attaches, notwihtstanding a sale thereof by the vendee.

Learned counsel has referred to a number of decisions by our Supreme Court, but our examination of these satisfy us that they are without application to this case, with the sole exception of the case in 117 La Reports p. 163 (Bank vs. Sullivan), in which the Court used the following language:

"Counsel for plaintiff, in his brief, puts the query: If the thing in the vendor's hands is subject to a lien or incumbrance, why should he be permitted to give the vendee a title? And the only answer that can be given is, that the vendor cannot be so permitted. Privileges on immovables affect all persons from the date of their registry. Civil Code 3274. Privileges on movables require no registry. Constitution Art 187. They affect all persons, nevertheless; otherwise they would be of no use to those in whose behalf they are concerned."

"The law does not contemplate that a privilege shall become extinct by the sale of the thing on which it bears. On the contrary its adhesion to the thing under such circumstances is of its very nature and essence, and unless it so adheres, it is no privilege at all."

Our attention is directed to the fact that this opinion was rendered by four of the Justices, one being absent, and that two of the Justices concurred in the opinion, though making certain reservations with reference to certain expressions made use of in the opinion bearing upon the question liens and privileges. The Judges indicate that they are satisfied with the opinion in so far *as it related to the facts* of this particular case, but did not subscribe to the general expressions indulged in touching the question of privileges. It would appear that part of the Court deemed the discussion not only not necessary to a decision of the issues in the case in the opinion of which they concurred, but refuse to subscribe to these unnecessary views. So if it were admitted that the "General expressions", made, were pertinent,

186

there would then be no decision, the Court being divided, two to two.

In view of the codal provision and a long line of decisions of the Supreme Court, touching the question of the rights of the vendor of movables, we do not for any instance entertain the idea that it was intended by the decision *supra* to change the jurisprudence.

Article 3227 provides that "He who has sold to another any movable property which is not paid for, has a preference on the price of his property over the other creditors of the purchaser, whether the sale was made on credit or without, *if the property still remains in the possession of the purchaser."*

The Article is clear and unambiguous, and its interpretation by the Supreme Court has been frequet and uniform.

4 La. 222; 1, A. 80; 5 A. 343; 8 A. 45; 10 A. 15; 233, 14 A. 89; 11 R. 140; 20 A. 545; 20 A. 557; 30 A. 151; 44 A. 20.

It is urged by counsel for defendant that the Constitutional provision requiring no recordation of privileges on movables, causes such privileges to exist as against the world .

This does not avail the vendor of movables when the property has left the possession of his vendee by a re-sale. The vendor's lien under the law is preserved to him against another creditor for his vendee and this without registry of his lien, but the lien is lost when the vendee has sold the thing and delivered possession to a third person.

The Constitutional provision in reference to the recordation of privileges on movables to the effect that these need not be recorded we are of the opinion, is intended to place all privileged creditors on the same footing, giving none who may have recorded their privilege any advantage over those who have not done so, in other words, to illustrate, if A. had a privilege on B's movable property, which he had recorded, and C. had a vendor's privilege on certain of this property which primes A's privilege, the latter will gain no advantage over C, whose privilege was not recorded.

For the reasons assigned it is therefore ordererd, adjudged and decreed that our former decree herein be avoided and set aside, and it is now ordered, adjudged and decreed, that the judgment

187

appealed from, be, and it is affirmed, defendant to pay all costs.
April 20, 1908.

Rehearing refused, June 8, 1908.

Writ refused by Supreme Court, June 24, 1908.