## Glen Manufacturing Company *v.* Glatfelter, Appellant.

*Real estate—Sales—Failure to convey—Equity—Specific performance—Damage in lieu of.*

On a bill in equity for a specific performance to convey real estate, compensation in damages may be awarded, where the relief prayed for cannot be granted.

When the original vendor has parted with the title to the property and cannot, therefore, convey there is no necessity for the vendee to first tender the purchase money, as a condition precedent to the action.  The plaintiff is not required to do a vain thing.  The defendant, not being able to give title, the plaintiff is, therefore, left with the right to recover damages for the breach of contract.

Argued March 11, 1926.  Appeal No. 15, March T., 1926, by defendants, from judgment of C. P. York County, April T., 1921, No. 1, Sitting in Equity, certified to the law side of said court, in the case of Glen Manufacturing Company v. James Glatfelter and Sallie Glatfelter.  Executors of the will of Israel Glatfelter, deceased.  Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ.  Affirmed.

304   GLEN MFG. Co. *v.* GLATFELTER, Appellant.

Statement of Facts—Opinion of the Court.   [88 Pa. Superior Ct.

Bill in equity for specific performance, etc. Before WANNER, P. J.

The facts are stated in the opinion of the Superior Court.

The case was certified to the law side of the court where it was tried without a jury.

Judgment as entered in favor of the plaintiff for $925.82. Defendant appealed.

*Errors assigned* were ruling on various requests for findings of fact and conclusions of law, and the decree of the court.

*Samuel Kurtz,* for appellant.

*Michael S. Niles,* for appellee.

OPINION BY TREXLER, J., July 8, 1926:

Israel Glatfelter, in 1898, agreed to sell two tracts of land to the Glen Manufacturing Company for the sum of $300. $25 was paid on account of the contract and a written receipt showing the details of the transaction was given. The vendee entered into possession and used the land as part of its planing mill property, but no deed was passed and the balance of the purchase money remained unpaid. In 1918, Glatfelter sold his mill property to Owings and by inadvertence included the two tracts in question in the deed.

In 1920, the Glen Manufacturing Company entered into negotiations for the sale of its property to the Enterprise Furniture Company and then discovered that it had never received a deed for the two tracts and that the tracts in the meanwhile had been conveyed to Owings. Plaintiff, without tendering the balance of the purchase money to Glatfelter, or demanding a deed, purchased the two tracts from Owings, paying $1000 for them; and subsequently, brought a bill in equity against Glatfelter which asked for the specific perform-

ance of the contract of sale and this failing, damages for the breach of contract.

The court certified the case to the law side and it was there tried by the judge without a jury. The trial judge found, in favor of the plaintiff for the $1000 which it had paid to Owings to acquire the property, less the $275, balance of the purchase price, which was still unpaid under the original contract, to wit: $725.

The question submitted to us is whether the Glen Manufacturing Company, the plaintiff, having purchased the Owing's title without tender of the balance of the purchase money or demand for deed from the first owner can hold the first owner for damages for breach of contract to convey. In answering this question, we observe that the parties at the trial agreed, that "the plaintiff purchased from R. Frank Owings the title which originally Glatfelter had conveyed to R. Frank Owings and paid $1000 therefor, and that said purchase by the plaintiff from Owings was necessary in order that the plaintiff might be able to convey title thereto to said Enterprise Furniture Company."

When Glatfelter conveyed to Owings, his control of the property ceased. He put it out of his power to fulfill the contract of sale and a tender of the balance of the purchase money by the vendee could in no wise alter the situation, for he could not respond with a deed. It does not behoove him to say that the plaintiff did not tender the price when he could not convey. The plaintiff is not required to do a vain thing. The defendant, not being able to give title, the plaintiff is therefore, left with the right to recover damages for the breach of contract.

"The defendant having sold and conveyed the lands to another, the plaintiff is not for that reason without remedy in this action. It is well established that wherever a court of equity has jurisdiction, if the relief

prayed for cannot be granted, a compensation in damages may be awarded in lieu thereof." Reeder v. Trullinger, 151 Pa. 287, 293. See also, Lowers Appeal, 1 Walker 404; Fessler Appeal, 75 Pa. 483; Maquire v. Heraty, 163 Pa. 381; Wasson's Appeal, 70 Pa. 26.

Exception is taken to the finding of the court that the price paid for the land, namely $1000 (less the amount the plaintiff is relieved from paying under the first agreement for its purchase), furnishes the proper basis for the estimation of the plaintiff's damages.

We may pass the question with the answer given by the court to the point in which the question was raised, "it admitted that the purchase was necessary and there is no evidence that the price paid was excessive." If, under the agreed facts, as we have stated above, the necessity for the purchase of the property at the price of $1000 was admitted, we see no reason in the absence of any testimony to the contrary, why the court could not adopt this amount, as the true value of the property.

The assignments of error are overruled, and the judgment of the lower court is affirmed.