Kiley, Appellant, *v.* Baker et al.

Argued May 6, 1942.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, RHODES, HIRT and KENWORTHEY, JJ.

*Clair D. Moss,* for appellant.

*Earl E. McMonigle,* for appellees.

*E. W. Arthur,* for intervenor.

OPINION BY RHODES, J., July 27, 1942:

In February, 1941, Helen Brankley entered into a written contract with defendants for the conveyance to her on or before March 1, 1941, of certain real estate. The contract provided that she was to pay the balance of the purchase price on delivery of deed. It is of no significance that the transaction was not consummated on or before the specified date. Time was not made the essence of this contract, and at no time prior to demand by plaintiff for delivery of deed to her did defendants tender a deed to Mrs. Brankley, or make demand upon her for the payment of the purchase price, as provided in her contract. On behalf of defendants, their attorney, in writing, extended the time for settlement by Mrs. Brankley.

On March 31, 1941, plaintiff entered into an oral agreement with defendants' attorney for the sale of the same property to her. He thereupon prepared a written contract which was signed by plaintiff and then forwarded to defendants for their signatures. Defendants returned the executed contract on April 5, 1941, to their attorney who retained it. But on April 2, 1941, he had notified plaintiff that the property could not be sold and conveyed to her because of the contract with Mrs. Brankley. On April 5, 1941, Mrs. Brankley tendered to defendants the purchase price, and demanded conveyance in accordance with her written contract of

purchase and sale. Defendants refused to convey to either party.

Plaintiff, on April 18, 1941, filed her bill in equity which contained a prayer for specific performance. Defendants answered, and Mrs. Brankley was allowed to intervene as a party defendant, and she sought the same relief as plaintiff.

The prayer of plaintiff's bill was refused, and pursuant to a stipulation of counsel she was given the opportunity to amend her pleadings to include damages. Specific performance of the Brankley contract was decreed. Plaintiff's exceptions were dismissed, whereupon she took this appeal. She did not amend her bill.

While there are a number of questions raised, we shall confine our discussion to the principles which control the material issues presented by the record. It is not necessary to consider the effect on plaintiff of the stipulation made by her counsel. It is immaterial here, as the court below was free from error (1) in refusing to decree specific performance in accordance with the prayer in plaintiff's bill, and (2) in retaining jurisdiction to permit plaintiff to claim for damages if she so desired.

It is hardly necessary to say that plaintiff's agreement would not be specifically enforced in equity in preference to the Brankley contract.[1] If it could be said that plaintiff had a valid contract for the purchase and sale of real estate for reasons assigned, the Brankley contract with defendants preceded plaintiff's executory agreement in time.

A chancellor will not lend his aid to violate the su-

---

[1] "To entitle a person to specific performance of a contract 'there must have been a valid subsisting contract, ...... and the instrument must be clear, unambiguous, and certain, ......': Story's Equity Jurisprudence, 14th Ed., vol. 2, sec. 987, p. 365. The exercise of equity power respecting the rescission and specific performance of contracts 'is not a matter of right in

perior right of a first purchaser by decreeing specific performance to a later one. Specific performance will not be decreed if it is in violation of the rights of a third person which are superior to those of the plaintiff. 2 Restatement, Contracts, §368, and comment (c) ; *Patterson v. Martz*, 8 Watts 374, 378, 34 Am. Dec. 474. See, also, *Flattau v. Logan et al.*, 72 N. J. Eq. 338, 65 A. 714. It is a maxim of equity that first in time is first in right. *Maguire v. Heraty et al.*, 163 Pa. 381, 387, 30 A. 151.

There can be no question as to the validity of Mrs. Brankley's prior contract with defendants, and her rights thereunder cannot be defeated merely by the acts of plaintiff and defendants, who had knowledge or notice of the subsisting contract. See *Dillinger et al. v. Ogden*, 244 Pa. 20, 28, 90 A. 446; 4 Williston on Contracts, Rev. Ed., §930, p. 2608. Mrs. Brankley never repudiated or abandoned her contract, which was binding upon her as well as upon defendants. There was no conduct on her part which can be declared to be responsible for plaintiff's position, and, in the absence of a result that would be unfair or inequitable, she had the right to insist upon performance over any subsequent executory agreement made by them with another.

There remains to be mentioned but one other principle relevant and applicable to this action which plaintiff herself brought in equity. It is that, once the jurisdiction of equity has attached, it will itself proceed to round out the whole circle of the controversy, and decide every other contention connected with the subject

---

either party, but it is a matter of discretion in the court, ...... of that sound and reasonable discretion which governs itself as far as it may by general rules and principles, but which at the same time withholds or grants relief, according to the circumstances of each particular case, when these rules and principles will not furnish any exact measure of justice between the parties': Ibid sec. 1026. See also 25 R. C. L. 270, sec. 71": *Duc v. Struckus et ux.*, 345 Pa. 65, 26 A. 2d 897.

matter of the suit, including the amount of damages to which plaintiff may be entitled. *Gray v. Philadelphia & Reading Coal & Iron Co. et al.*, 286 Pa. 11, 16, 132 A. 820; *Schwab v. Miller et ux.*, 302 Pa. 507, 510, 153 A. 731; *Tide Water Pipe Co., Ltd., v. Bell*, 280 Pa. 104, 110, 124 A. 351; *Lafean et al. v. American Caramel Co.*, 271 Pa. 276, 283, 114 A. 622. "It is a familiar principle that, once equity jurisdiction is assumed, all matters connected with the subject-matter of the suit may and should be decided": *Commonwealth v. Smith et al.*, 344 Pa. 381, at page 383, 25 A. 2d. 694, at page 695. See, also, *Osterweil v. Crean et al.*, 344 Pa. 465, 468, 26 A. 2d 307.

All the assignments of error are overruled.

The decree of the court below is affirmed, at the cost of appellant.