**SABLOSKY v. PARAMOUNT FILM DISTRIBUTING CORP. et al.**

No. 13090.

United States District Court
E. D. Pennsylvania.

Sept. 26, 1952.

2. Moore's Federal Practice, 2d Ed., par. 33.09, p. 2286.

Dilworth, Paxson, Kalish & Green, Philadelphia, Pa., for plaintiffs.

Wolf, Block, Schorr & Solis-Cohen, Schnader, Harrison, Segal & Lewis, Philadelphia, Pa., for defendants.

GRIM, District Judge.

In this private civil antitrust action[1] plaintiffs seek treble damages, an accounting, and equitable relief in the form of an injunction. After defendants had filed timely demand for a jury trial, plaintiffs moved to strike the present action from the jury trial docket of this Court.

Plaintiffs' motion raises two questions. The first is: Where a plaintiff[2] joins in a single civil antitrust action a legal claim for treble damages with an equitable claim for injunctive relief, does defendant thereby lose his right to a jury trial entirely?

The damages sought in the present action are not the ordinary damages given as incidental to injunctive relief.[3] Plaintiffs seek to enforce a special claim for statutory damages. They base this claim not on the equity powers of the court, but expressly on the provisions of Section 4 of the Clayton Act.[4] The claim for treble damages and the claim for injunctive relief are separate and distinct causes of action based on separate sections[5] of the statute, even though it is proper to join them in one complaint.[6]

The cases from this Circuit and this District and from the state courts of Pennsylvania,[7] which have been cited by plaintiffs as authorities for their contention that no jury trial is required in the present case, are distinguishable in that they involve actions which are fundamentally and historically equitable in nature. In those cases the plaintiffs' claims for money damages were incidental to their claims for equitable relief. The plaintiffs in those cases did not sue, as did plaintiffs in the present case, under a statute which creates separate equitable and legal rights of action.

1. Under the Sherman and Clayton Acts, as amended, 15 U.S.C.A. § 1 et seq.

2. Pursuant to Rule 18(a), Fed.R.Civ.P., 28 U.S.C.A.

3. See, e. g., Canister Co. v. Leahy, 3 Cir., 1950, 182 F.2d 510; 3 Cir., 1951, 191 F. 2d 255.

4. 15 U.S.C.A. § 15.

5. 15 U.S.C.A. § 15 (private suits for treble damages); 15 U.S.C.A. § 26 (private suits for injunctive relief).

6. Cf. United States v. Strymish, D.C. Mass. 1949, 86 F.Supp. 999, 1000.

7. Canister v. Leahy, 3 Cir., 1950, 182 F. 2d 510; 3 Cir., 1951, 191 F.2d 255; Conn

In the case of Blechman v. I. B. Kleinert Rubber Co.,[8] where defendants had moved to strike *plaintiffs'* demand for a jury trial, Judge Kaufman, at page 1006 of 98 F.Supp., made the following cogent analysis, with which I fully concur:

"An action under the anti-trust laws may be either equitable or legal in nature, or both. If the action be for money damages only, there is a right to jury trial. Fleitman [Fleitmann] v. Welsbach Street Lighting Co., 1916, 240 U.S. 27, 36 S.Ct. 233, 60 L.Ed. 505. Prior to the adoption of the Federal Rules of Civil Procedure it was held that in an action for violation of the anti-trust laws a claim for a money judgment could not be joined with a claim for equitable relief; it was necessary to bring separate actions at law and in equity. Unless both parties waived their right to a jury trial on the legal issues, equity could not award money damages. Decorative Stone Co. v. Building Trades Council, 2 Cir., 1928, 23 F.2d 426, certiorari denied 277 U.S. 594, 48 S.Ct. 530, 72 L.Ed. 1005. Although the Rules now in effect abolish the procedural distinctions between law and equity, the right to a jury trial is preserved in all cases in which it existed prior to the adoption of the Rules. The joinder of legal and equitable claims in one action, which is now not only permitted but encouraged, does not constitute a waiver of this right. Ring v. Spina, supra, 2 Cir., 166 F.2d 546, 550; Bruckman v. Hollzer, 9 Cir., 1946, 152 F.2d 730, 732."

That Judge Kaufman's conclusion is just and reasonable is clear when it is remembered that if the opposite conclusion were reached, a plaintiff would be in a position where he could capriciously determine a defendant's right to a jury trial: A plaintiff could deprive a defendant of a jury trial merely by adding a claim for equitable relief along with his claim for money damages; or he could allow a defendant a jury trial by omitting to ask for equitable relief along with his claim for money damages. Furthermore, if that same plaintiff wanted to protect his own right to a jury trial, he would have to resort to the cumbersome procedure of bringing separate legal and equitable suits. Forcing a plaintiff to resort to such a procedure would be directly contrary to the spirit and purpose of the Federal Rules of Civil Procedure.

Although defendants have filed a general demand for a jury trial and have not specified the issues to be tried to a jury, they have made it quite clear in their briefs and oral arguments that their demand is for a jury trial on all the issues pertaining to plaintiffs' legal claim for treble damages. Whether defendants have a right to a jury trial on all the issues pertaining to plaintiffs' legal claim is the second question before me.

Both the legal claim for damages and the equitable claim for injunctive relief involve one common controlling basic question of fact, namely, whether defendants have violated the antitrust laws. A finding on this basic issue will be completely determinative of defendants' liability for damages and at least largely determinative of plaintiffs' right to injunctive relief. If the court should make a disposition of the equity cause of action previous to a jury trial on the legal cause of action, the common controlling question of fact (that is, whether there has been an anti-trust violation) would be foreclosed from jury determination as a matter of res judicata, and the only issue remaining for consideration by the jury would be the amount of damages to be awarded.

Professor James W. Moore, who apparently would not allow the trial judge any discretion at all regarding the sequence of trial of legal and equitable claims and issues, flatly states:[9]

v. Kohlemann, D.C.E.D.Pa.1942, 2 F.R.D. 514; Massachusetts Bonding & Insurance Co. v. Johnston & Harder, 1938, 330 Pa. 336, 199 A. 216; Kiley v. Baker, 1942, 150 Pa.Super. 248, 27 A.2d 478.

8. D.C.S.D.N.Y.1951, 98 F.Supp. 1005.

9. 5 Moore's Federal Practice 299, fn. 13 (2d Ed.1951).

"If a jury is demanded for the legal claim all the issues pertaining to it should be regarded as basic and be tried so that the jury's verdict is determinative of them, with the remaining issues, if any, pertaining to the injunctive remedy triable to the court." [10]

To Professor Moore's statement I would add one important qualification which is that I would allow sufficient judicial discretion concerning the sequence of trial to prevent procedural inflexibility and the hamstringing of trial judges in unusual situations.

 In a recent analogous case [11] involving violations of the rent regulations, wherein the complaint sought an injunction, restitution, and a judgment for damages, Judge Johnsen of the Court of Appeals for the Eighth Circuit formulated the following proposition, which is an excellent statement of the rule I hold to be applicable to the present case:

> "* * * a federal court may not under the Rules of Civil Procedure, in a situation of joined or consolidated equitable and legal causes of action, involving a common substantial question of fact, deprive either party of a properly demanded jury trial upon that question, by proceeding to a previous disposition of the equitable cause of action and so causing the fact to become res judicata, unless there exists special reasons or impelling considerations for the adoption of such a pre-empting procedural course in the particular situation." [12]

Up to the present stage of the proceedings no "special reasons" or "impelling considerations" for trying the equity cause of action first have appeared. If any "special reasons" or "impelling considerations" should later appear, the trial judge will have the discretionary power to arrange the sequence of trial in conformity with the changed situation.

 Subject to the above reservation, therefore, the issues which are common to both the legal and the equitable causes of action, particularly the issues as to whether or not defendants have violated the antitrust laws and what damages, if any, plaintiffs have suffered, will be tried first and before a jury. All equitable issues which have not been included within the legal issues will be tried to the court alone after the jury trial.[13]

And Now, September 26, 1952, in accordance with the foregoing opinion, it is Ordered that plaintiffs' Motion To Strike From The Jury Trial Docket be and the same is hereby denied.

10. See Bigelow v. R.K.O. Radio Pictures, 1946, 327 U.S. 251, 66 S.Ct. 574, 90 L. Ed. 652, where this course seems to have been followed.

11. Leimer v. Woods, 8 Cir., 1952, 196 F. 2d 828.

12. 196 F.2d at page 836.

13. I am not now deciding the question of when the claim for an accounting should be tried.