## Adelman v. Lipshutz

*Harry R. Kozart*, for plaintiff.

*Samson B. Bernstein*, for intervening plaintiffs.

*Joseph B. Meranze*, for defendant.

SPORKIN, J., December 14, 1956.—This action in equity for specific performance arises from the fact that defendants entered into two agreements for the

sale of the same premises, 2416 North Front Street, Philadelphia (which will be referred to herein as "the premises"). The first agreement which was entered into by plaintiff and defendants on November 28, 1955, is evidenced by a check bearing the legend:

"Deposit on premises 2416 N. Front St., Phila., Pa.
"Thru to Rear
"Purchase Price $9,000.00"

This check was endorsed and collected by defendants.

The second agreement was more formally written than the first, and was entered into between defendants and intervening plaintiffs on December 8, 1955.

The validity and the execution of the contract of November 28, 1955, as claimed by plaintiff, was conceded at the trial of the case as well as by a stipulation entered into on April 9, 1956, and signed by all of the parties here involved and their counsel.* This stipulation has been identified as plaintiff's exhibit 5. There are thus before us two executory contracts for the sale of the same property.

It is the contention of defendants and intervening plaintiffs that we should not apply the familiar principle "the first in time is first in right" (Suchan v. Swope, 357 Pa. 16; Maguire v. Heraty, 163 Pa. 381;

---

* During all of the times here involved, the premises were subject to a mortgage. Defendants having defaulted, the mortgagee filed an action to foreclose on March 8, 1956, as of C. P. No. 7, March term 1956, no. 530. The mortgagee refused plaintiff's offer to pay the judgment upon delivery of an assignment of the judgment and mortgage. Plaintiff then instituted an action in equity as of C. P. No. 7, March term, 1956, no. 2415 (joining defendants, intervening plaintiffs and the mortgagee) to compel assignment of the judgment and mortgage. Both of these actions were terminated by stipulation of all parties which provided for a stay of the sheriff's sale pending determination of the case now before us. It was further stipulated that title be conveyed to a straw party or trustee who shall convey to either plaintiff or intervening plaintiffs as this court may determine.

Kiley v. Baker, 150 Pa. Superior Ct. 248) because, as they allege, plaintiff and defendants had agreed, prior to the execution of the second agreement between defendants and intervening plaintiffs, to rescind or "cancel" the agreement of November 28, 1955. This was the only material factual issue before the chancellor, and as to this issue there was a direct conflict of testimony.

Defendant, Samuel Lipshutz, testified that on December 6, 1955, he had a conversation in his store with plaintiff. At that time plaintiff is quoted as having said, "It looks like a bad deal", and that he, Samuel Lipshutz, replied, "I don't want your money. I will give you your money back", and that plaintiff is alleged to have replied "All right". Plaintiff, however, denies the conversation and asserts that he never attempted to or agreed to rescind the agreement of November 28, 1955.

It is conceded that on or about December 12, 1955, Samuel Lipshutz tendered plaintiff a money order in the amount of $500, the amount of plaintiff's deposit, which plaintiff refused. This money order was purchased on December 12, 1955, but was antedated by defendant's son so that the date read December 7, 1955 (one day before the execution of the second agreement with intervening plaintiffs). The money order bore the legend:

"Refund in full of money received. Offer declined for purchase of premises at 2614 N. Front Street, Philadelphia, Pennsylvania."

The circumstances attending the execution of the agreements and the testimony convince us that the truth is on plaintiff's side, and we accordingly credit plaintiff's version of the facts.

### Findings of Fact

1. On November 28, 1955, defendants, owners of premises 2416 North Front Street, Philadelphia, en-

tered into an agreement for the sale of these premises with plaintiff.

2. On December 8, 1955, defendants, owners of premises 2416 North Front Street, Philadelphia, entered into an agreement for the sale of these premises with the intervening plaintiffs.

3. Neither of the above referred to agreements has been rescinded.

### Conclusions of Law

1. The agreement of November 28, 1955, between plaintiff and defendants is valid, subsisting and enforceable.

2. There has been no rescission of the agreement of November 28, 1955.

3. Plaintiff is entitled to a decree of specific performance against defendants.

### Decree

And now, to wit, December 14, 1956, the court enters the following decree nisi:

1. Defendants, Betty E. Lipshutz, also known as Betty Edith Lipshutz, and Samuel Lipshutz are directed to convey, or cause to be conveyed, the premises 2416 North Front Street, Philadelphia, to Nathan B. Adelman.

2. The complaint in equity of intervening plaintiffs, Morris Bass and Bertha Bass, be and the same is hereby dismissed.

3. The costs of this proceeding are to be paid by intervening plaintiffs and defendants equally.

The prothonotary will notify the parties or their counsel of the filing of this adjudication and decree nisi, and unless exceptions thereto are filed within 20 days from the date hereof, the decree nisi shall be taken as and for the final decree in the cause.