## Dorsey v. Kline

*Wilson Bucher*, for plaintiff.

*Henry M. Bruner* and *William J. Blank*, for defendants.

WISSLER, P. J., January 18, 1957.—Plaintiff, John Dorsey, filed a complaint in equity asking that the rights of plaintiff to property 313 South Front Street, Columbia, under a lease from owners-defendants, William F. Kline and Albert L. Shaub, and an oral agreement to purchase the leased premises be declared superior to the rights of the other defendants, Melvin I. Cannon and Lillian L. Cannon, under a written agreement to purchase said premises entered into between them and Kline and Shaub, owners-defendants, and to order the Recorder of Deeds of Lancaster County, to remove said agreement of the Cannons from the records of his office, etc.

### Pleadings

The pleadings consist of the complaint and separate answers filed by defendants.

*Findings of Fact*

1. Plaintiff, John Dorsey, is a resident of 313 South Front Street, Columbia.

2. Defendant, William F. Kline, is a member of the firm of William T. Kline and Sons, real estate agents, with offices in Columbia.

3. Defendant, Albert L. Shaub, is a resident of 740 Walnut Street, Columbia, and is an employe and agent of William T. Kline and Sons.

4. Defendants, William F. Kline and Albert L. Shaub, are owners, as tenants in common, of premises 313 South Front Street, Columbia.

5. Defendants, Melvin I. Cannon and Lillian L. Cannon, are husband and wife and are residents of Columbia.

6. On August 13, 1955, defendants, William F. Kline and Albert L. Shaub, executed a written lease to plaintiff, John Dorsey, and Josephine Dorsey for a lot and dwelling situated at 313 South Front Street, Columbia, for the term of one month from August 13, 1955, and ending September 13, 1955, at a monthly rental of $50 per month. In pursuance of said lease plaintiff entered into possession of said premises on August 13, 1955, and has been in possession and is still in possession under the terms and conditions of the lease.

7. The lease of August 13, 1955, contains no provision granting plaintiff an option to purchase the leased premises, 313 South Front Street, Columbia, and on November 3, 1955, the lease was assigned by Kline and Shaub, defendants, as lessors, to Melvin I. Cannon and Lillian L. Cannon, the other defendants.

8. There was no oral option given by defendants, Kline and Shaub, to plaintiff, John Dorsey, to purchase the leased premises, 313 South Front Street, Columbia, for $2,200 with a down payment of $200 and $50 per

month thereafter, nor was there any written agreement entered into between defendants, Kline and Shaub, to plaintiff, John Dorsey, for the sale of said leased premises.

9. On October 15, 1955, defendants, William F. Kline and wife, Helen, and Albert L. Shaub and wife, Patricia M., entered into a written agreement with defendants, Melvin I. Cannon and Lillian L. Cannon, to sell to them premises 313 South Front Street, Columbia, at and for the sum of $2,250 and received a down payment of $300, the balance of the purchase price to be paid in monthly installments of $50 commencing on November 15, 1955, and monthly thereafter until paid in full, said $50 payment to include principal and interest. Said agreement was recorded in the office of the Recorder of Deeds in and for Lancaster County on November 9, 1955.

10. On October 31, 1955, defendants, William F. Kline and Albert L. Shaub, received from Granville Dorsey on behalf of plaintiff, John Dorsey, his son, the sum of $350 as a down payment for the leased property, 313 South Front Street, Columbia.

11. The down payment of October 31, 1955, was made conditional upon defendants, William F. Kline and Albert L. Shaub, obtaining a release from defendants, Melvin I. Cannon and Lillian L. Cannon, under their agreement of sale of October 15, 1955.

12. Defendants, Melvin I. Cannon and Lillian L. Cannon, refused to release or give up their rights under the written agreement of sale of October 15, 1955.

13. Defendants, William F. Kline and Albert L. Shaub, still retain said down payment of $350.

## Discussion

There is only one question involved in this proceeding: To what extent is a purchaser of real estate bound

to inquire of a tenant in possession as to the tenant's interest in the property. There is no dispute that defendants, Kline and Shaub, on October 15, 1955, agreed in writing, which agreement was duly recorded in the office of the Recorder of Deeds of Lancaster County, on November 9, 1955, to sell to defendants, Melvin I. Cannon and Lillian L. Cannon, premises 313 South Front Street, Columbia, nor is there any dispute that defendants, Kline and Shaub, accepted a down payment of $350 for the purchase of said property from plaintiff, John Dorsey, on October 31, 1955.

It is the contention of plaintiff that during the lease and prior to October 31, 1955, defendants, Kline and Shaub, had given him an oral option to purchase the premises in question. The chancellor has found as a fact that there was no such oral option given. Even though it be assumed there was such an oral option given as testified to under the reserved ruling, plaintiff would still be confronted with the fact that the down payment receipt of $350 was dated October 31, 1955, 16 days subsequent to that of defendants' written agreement of sale and the maximum of equity that first in time is first in right would be applicable: Maguire v. Heraty, 163 Pa. 381.

It is true that the actual visible possession of a tenant is constructive notice both of his interest and that of the landlord (Malamed v. Sedelsky, 367 Pa. 353), and as held in Atlantic Refining Company v. Wyoming National Bank of Wilkes-Barre, 356 Pa. 226, that the possession of a tenant charges a purchaser with knowledge of a provision of the lease granting an option to purchase. This rule so far as a careful search revealed has not been extended to any possible oral option of purchase not mentioned in the written lease and not to any possible secret understandings.

Relative to the reserved ruling, in view of the court's findings and conclusions of law, it is not necessary to further rule on this reserved ruling.

### Conclusions of Law

1. Plaintiff is not entitled to the relief prayed for under the particular facts and circumstances of this case.

2. Plaintiff is entitled to the return of the down payment of $350 by defendants, William F. Kline and Albert L. Shaub, together with interest at the legal rate from November 1, 1955.

3. Defendants, Melvin I. Cannon and Lillian L. Cannon, as assignees of the lease of August 13, 1955, are entitled to receive from plaintiff, John Dorsey, the rent of $50 per month from November 13, 1955, until termination of the present tenancy.

### Decree Nisi

And now, January 18, 1957, upon consideration of the foregoing cause it is ordered, adjudged and decreed by the court in banc as follows:

1. That plaintiff's complaint in equity be dismissed.

2. That defendants, William F. Kline and Albert L. Shaub, repay to plaintiff, John Dorsey, the down payment of $350 together with interest at the legal rate from November 1, 1955.

3. That plaintiff, John Dorsey, pay to defendants, Melvin I. Cannon and Lillian L. Cannon, as assignees of the lease of August 13, 1955, a monthly rental of $50 from November 13, 1955, to the present time or until termination of the present tenancy.

4. That the costs of this proceeding shall be borne equally between plaintiff, John Dorsey, and defendants, William F. Kline and Albert L. Shaub.

5. That this decree shall be recorded and indexed in the office of the Recorder of Deeds in and for the County of Lancaster and shall be entered and indexed

in the Prothonotary's Office of Lancaster County in accordance with the Act of June 19, 1913, P. L. 532, sec. 2.

6. That unless exceptions are filed within 20 days after notice of the filing of this adjudication, this decree nisi shall be entered as of course by the prothonotary as the final decree.