## Hrivnak v. Myers (No. 1)

*John B. McCue,* for plaintiffs.
*Leo Kostman* and *John G. Eidemueller, Jr.,* for defendants.

HOUSE, *P.J.*, February 16, 1979—Both groups of defendants in this action have filed preliminary objections to plaintiffs' complaint in equity. Plaintiffs have alleged in their complaint that they entered into a written agreement with defendants Myers for the purchase of land and a house. Plaintiffs also allege that defendants Myers are the equitable owners of this property, and that defendants Goodman are the legal owners, there being an agreement of sale between these defendants. Plaintiffs claim that they tendered the purchase price to the Myers who refused to deliver a deed.

Thus, plaintiffs have sued both the Myers and Goodmans, requesting this court to order defendants to execute a deed to plaintiffs upon payment of the purchase price, or to order any other relief the court deems appropriate.

In preliminary objections defendants Myers argue that the complaint fails to state a cause of action because plaintiffs knew the Myers did not have complete title to the property, and that no definite date had been set for the transfer of legal ownership from the Goodmans to the Myers. Additionally, the Myers object that the complaint does not aver that plaintiffs met the contract's conditions precedent to the triggering of the Myers' duty to convey the deed, namely, the tender of the purchase price and the obtaining of a mortgage prior to the agreed to commitment date.

Defendants Goodman argue that no cause of action has been stated against them, since they are not privy to the contract being sued upon.

We are faced here with a situation in which three parties have a claim to the land by way of two sales agreements. The Goodmans own the legal title. The Myers acquired equitable title through a sales agreement entered into with the Goodmans on January 9, 1970. The Myers then entered into an agreement to sell the property to the Hrivnaks on May 5, 1978, which agreement is the basis for this action in specific performance by the Hrivnaks.

The first issue to be decided is, therefore, whether a cause of action has been made out against either of the defendants. The Myers argue that no cause of action is stated against them because plaintiffs "knew or should have known that the records . . . show (a) that the defendants Myers had a contract with the co-defendants Goodman to purchase said

described property and that said agreement does not provide for a definite date for delivery of the deed by the defendants Goodman to the defendants Myers; (b) that the defendants Myers had a right to continue payments in accordance with said contract; and (c) that the determination of the delivery of the deed was a matter for the said defendants Myers and Goodman." [Defendants Myers Preliminary Objections at 1.]

Defendants Myers further argue in their brief in support of preliminary objections that because of this lack of legal title, the "contract was impossible of performance" and that this court has no power to rewrite or reform it.

A preliminary objection tests the sufficiency of the other party's pleadings, here, plaintiffs' complaint. Defendants Myers are asking the court to look at the contract and make determinations as to their defense that plaintiffs knew, or should have known that the Myers could not perform the contract. This argument goes to the merits of the case and will not now be decided by this court. It is our determination that plaintiffs' complaint does, on its face, state a cause of action. Plaintiffs have alleged the existence of a signed contract, a copy of which they have attached to the complaint, and a breach of that contract. This is sufficient to support a cause of action for specific performance.

Impossibility of performance is a defense to a specific performance action. See, generally, Jones v. Gravity Fill Service Station, 361 Pa. 198, 64 A. 2d 490 (1949); 34 P.L.E., Specific Performance §2. The claims and arguments made by the Myers on this issue call for a decision on the merits of plaintiffs' case, and should not be decided on preliminary objections.

Whether a cause of action has been stated against the Goodmans, however, is a valid preliminary objection that requires a decision. The only connection between the Goodmans and the Hrivnaks is that the Goodmans still own legal title to the property. They have, however, signed no agreements with the Hrivnaks and are only tangentially involved. Plaintiffs' complaint does not aver that they have failed to perform any obligation or in any way dealt unfairly with the Hrivnaks.

Nonetheless, our research indicates that the Goodmans' legal ownership of the land in question and their contract with the Myers is sufficient to sustain a cause of action against them.

"If the vendor in the contract which the plaintiff seeks to enforce is the equitable owner or has equitable title, and has the right to call for the legal title, he may be required specifically to perform at the suit of his vendee. . . . Under these circumstances it is generally held that specific peformance will be enforced either against the vendor in the contract with the plaintiff alone, if the purchaser is willing to accept such title as the defendant can convey, with, in a proper case, compensation for deficiency in the performance, *or by joining the holder of the legal title as party defendant.*

" . . .

"Vendors who hold legal title to land as trustees for one to whom they have agreed to convey it may be compelled to convey it to a third person to whom their vendee has agreed to convey.

" . . .

"Where all the parties interested in the two agreements of sale have been joined, a decree in

such a suit instituted by the subpurchaser will be conclusive on all the parties." 71 Am. Jur. 2d, Specific Performance §§125, 168 and 192 (citations omitted and emphasis supplied).

The only Pennsylvania case on point is Pennsylvania Water & Power Co. v. Garver, 17 D. & C. 2d 341, 346-47 (1958), where Ammon Garver agreed to purchase from Ray Garver and Sara Garver Erb, his brother and sister, their interests in land which all three owned jointly. A deed was prepared but never executed, owing to differences concerning the amount of rent due from Ammon for his occupation of the land. Ammon Garver, complete owner of one-third of the land and equitable owner of all of it, contracted to convey a part of the land to plaintiff but refused to perform upon demand. Plaintiff sued all the Garvers and Ray Garver and Sara Garver Erb filed preliminary objections in the nature of demurrers claiming that they, holding only the legal title to the land, were not proper defendants. The court disagreed, holding that they were proper parties to the action.

Adopting the reasoning of the Garver court and American Jurisprudence, we hold that the Goodmans are proper parties to this case. We must note, however, the potential existence of a problem we feel is critical to the plaintiffs' case. Specific performance will not be granted where it would violate the rights of third persons superior to that of plaintiff: Kiley v. Baker, 150 Pa. Superior Ct. 248, 27 A. 2d 478 (1942). Applied to this case, assuming the Hrivnaks are entitled to specific performance of their contract with the Myers, they will not be automatically entitled to specific performance against the Goodmans. The Hrivnaks will receive

only as good a title as the Myers have to give, subject to whatever defenses or conditions the Goodmans have against the Myers. The Hrivnaks must establish that the Myers have the right to compel performance by the Goodmans in order to gain complete title to the land. We raise this here as a potential problem because the parties have, in their pleadings, averred inconsistent allegations as to the validity and/or enforceability of the Myers-Goodmans contract of 1970. The determination of this matter cannot be made, of course, until the trial on the merits.

Defendants Myers have also made preliminary objections arguing that the complaint does not aver that plaintiffs obtained a mortgage and so notified the Myers in accordance with the conditions of the agreement of sale, and that the complaint does not aver that plaintiffs offered to pay for the property. However, paragraph seven of the plaintiff's complaint avers, "Plaintiffs requested the Defendants Myers to deliver a Deed to the land in accordance with the terms of the Agreement," and paragraph eight avers, "Defendants Myers have refused to deliver the Deed to Plaintiffs and to accept the purchase price of plaintiffs." It is clear from a reading of this that plaintiffs are averring a tender of the purchase price.

As to the obtaining of a mortgage, we note first that the condition of acquiring a mortgage is usually placed in a contract to protect the buyer and the failure to obtain one may not be a defense of the seller if the buyer nonetheless tenders the purchase price. Alternatively, Pa.R.C.P. 1019(c) holds that: "In pleading the performance or occurrence of conditions precedent, it is sufficient to aver generally that all conditions precedent have been performed

or have occurred. A denial of such performance or occurrence shall be made specifically and with particularity." Giving plaintiffs' complaint a liberal reading, we find that all conditions precedent to the contract with the Myers have been averred in substance. Therefore, the preliminary objections of defendants Myers must be dismissed.

## ORDER

And now, February 16, 1979, after oral arguments and the submission of briefs and for the reasons contained in the annexed opinion, it is adjudicated, decreed and ordered that the preliminary objections of both defendants Myers and Goodmans are denied and dismissed.